IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3011 |
| vs. | MEMORANDUM AND ORDER |
| JOSE LUIS MEZA-LOPEZ, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 133) filed by the defendant, Jose Luis Meza-Lopez. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906

(8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## I. BACKGROUND

The defendant was charged with conspiracy to distribute 500 grams or more of methamphetamine and conspiracy to launder money. Filing 1. Generally, the scheme involved the defendant loading methamphetamine into cars at his home in Phoenix, Arizona, so that couriers could deliver them to Ramon Garcia in Lincoln, Nebraska. *See* filing 84 at 20. The cars were then returned by Garcia to the defendant, containing cash. *See* filing 84 at 20.

The defendant pled guilty to both counts, without a plea agreement. Filing 77. The presentence report (PSR) found that the defendant was responsible for 17.45 kg of methamphetamine, based on findings made in another case involving the same conspiracy. Filing 110 at 6; *see United States v. Garcia*, 774 F.3d 472, 474 (8th Cir. 2014). Based a total offense level of 37 and a criminal history category I, the PSR found a guideline imprisonment range of 210 to 262 months. Filing 110 at 11. On January 9, 2015, the Court adopted the presentence report, filing 115 at 1, and sentenced the defendant to 210 months imprisonment on each count, with the sentences to run concurrently, filing 114 at 2. The defendant appealed to the U.S. Court of Appeals for the Eighth Circuit, which affirmed his convictions and sentence. *See United States v. Meza-Lopez*, 808 F.3d 743 (8th Cir. 2015).

## II. DISCUSSION

The defendant's § 2255 motion (filing 133) raises three claims: (1) ineffective assistance of counsel, (2) eligibility for a minor role reduction pursuant to U.S.S.G. Amendment 794, and (3) violation of "Fed. R. Crim. P. 32(c)(3)(D)" (recodified as Fed. R. Crim. P. 32(i)(3)(B)).

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

(a) Drug Quantity Calculation

The defendant's primary argument for ineffective assistance of counsel is based on counsel's failure to object to the drug quantity calculation in the PSR. He complains both of counsel's failure "to object [to] the reliability of the information used to calculate the drug quantity attributed to" him, and "to challenge the amount of methamphetamine attributed to" him. Filing 136 at 3, 5. He also contends that counsel was ineffective in "failing to challenge laboratory reports," although his argument is really that counsel should have challenged the sufficiency of the evidence to support a finding that all the methamphetamine allegedly distributed by the conspiracy would have been of the same purity as the quantity that was actually seized and tested. Filing 136 at 6-7. And he couches the same argument as "failing to raise a violation of Fed. R. Crim. P. 32," where the alleged Rule 32 violation was relying on inaccurate information in the PSR. Filing 136 at 9-10.

But counsel did not perform deficiently, nor was the defendant prejudiced, by failing to object to the drug quantity calculation. The drug quantity calculation in the PSR was based on evidence presented at an evidentiary hearing for Ramon Garcia that established the drug quantity involved in the conspiracy. Filing 110 at 6. And that amount was reasonably foreseeable to the defendant, who was responsible for shipping the drugs to Nebraska. *See Pruitt v. United States*, 233 F.3d 570, 572 (8th Cir. 2000). Counsel's agreement that the Garcia quantity was also attributable to the defendant simply recognized the obvious fact that if presented with the same evidence about drug quantity in the same conspiracy, the Court would reach the same conclusion.

Accordingly, counsel's decision not to object to the PSR was reasonable. *See Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Faithful

representation of a client's interests frequently involves practical considerations, and often the interests of the accused are not advanced by contesting all guilt. *See Tollett v. Henderson*, 411 U.S. 258, 268 (1973). It is equally evident that the defendant was not prejudiced by counsel's performance, because "[n]o credible evidence points to the conclusion that the district court would have changed its ruling based on an objection from counsel." *See Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The defendant was not prejudiced because the government would have met its burden of proving drug quantity: the Court *would* have reached the same conclusion if presented with the same evidence again. *See Lindsey v. United States*, 310 F.3d 606, 608 (8th Cir. 2002).[1]

(b) Money Laundering Conviction

The defendant also argues that he was denied effective assistance of counsel because he was pressured or coerced into pleading guilty to conspiracy to launder money. Filing 136 at 8. He points to the extended colloquy at his change of plea hearing, at which the Magistrate Judge raised questions about the factual basis for the defendant's guilt of conspiracy to launder money. Filing 84 at 14-34.

To obtain a conviction for conspiracy to launder money, the government was required to prove that the defendant knew of and intentionally joined a conspiracy to conduct financial transactions involving drug proceeds

---

[1] In addition, the Court notes that the defendant misrepresents the evidence in arguing that "[a]lthough there was a seizure of 3.9 pounds (less that [sic] 2 kilograms), of methamphetamine there was no lab report offered supporting the court's finding that the 17 kilogram [sic] of methamphetamine attributed to petitioner had a purity of 80% or more." Filing 136 at 6. In fact, law enforcement made nine controlled buys, eight of which were tested—and each of the eight tested were found to be 95 percent pure. Filing 110 at 6.

intending either to promote the conspirators' illegal activity, or to conceal the nature, location, source, ownership, or control of the proceeds. *United States v. Haire,* 806 F.3d 991, 999 (8th Cir. 2015). And while it was clear that the defendant was aware cash was hidden in the vehicles returned to him, the Magistrate Judge questioned whether the defendant had admitted to knowing the purpose of hiding the money. *See* filing 84 at 28.

So, contrary to the defendant's argument, the issue was not that "the defendant would not admit to having knowledge of the money being in the vehicles . . . ." Filing 136 at 8. In fact, the defendant readily admitted not only knowing that money was hidden in the vehicles, but that the money was the proceeds of selling drugs. *See* filing 84 at 24. The Court's review of the change of plea hearing indicates that the extended colloquy resulted less from a failure of proof, and more from the Magistrate Judge not asking the defendant the right questions—and perhaps a more general failure of communication between the defendant and the Magistrate Judge. When the defendant was finally asked directly whether he knew "that the money was hidden in the vehicle so that the Government would not find it[,]" he said—under oath—that he did. Filing 84 at 30. His statements during the change of plea hearing established a factual basis for his plea and carry a "strong presumption of verity." *Adams v. United States,* 869 F.3d 633, 635-36 (8th Cir. 2017).

So, the defendant's suggestion that his plea was the result of ineffective assistance of counsel rests on a misrepresentation of the record. In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he

would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011); *see Lee v. United States*, 137 S. Ct. 1958, 1966-67 (2017). But courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. *Id.* at 1067. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences. *Id.* And here, the contemporaneous evidence is contrary to the defendant's current claim.

The defendant also suggests that his plea was involuntary because he was told by his counsel that "he could not go to trial on the money laundering count because they would stack the time he would receive from the money laundering offense on top of the time he received on the drug offense if he wanted to go to trial." Filing 136 at 9. It is unclear whether that would have been accurate advice.[2] *See* U.S.S.G. § 2S1.1; *see also* U.S.S.G. § 5G1.2. But there is nothing in the record to suggest that the defendant was assured of concurrent sentences when he elected to plead guilty—the defendant was, in fact, informed of the possibility of a 10-year minimum sentence on Count I and a possible 20-year sentence on Count II. Filing 84 at 5, 10-11. The defendant was willing to plead guilty to both counts despite the risk of consecutive sentences, meaning that the difference between consecutive and concurrent sentences could not have been the dispositive factor in his decision not to go to trial on Count II.

---

[2] Counsel more likely explained to the defendant the consequences of going to trial and foregoing an adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. But for present purposes, the Court assumes that the defendant's description is accurate.

"Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The defendant had admitted, under oath, to the necessary elements of the offense. There is no basis to conclude that it would have been rational to proceed to trial, given those admissions, and forgo the significant reduction in the guideline sentencing range resulting from acceptance of responsibility. The record simply cannot support the contention that the defendant would have proceeded to trial absent the allegedly deficient performance of counsel.

In sum, the defendant's ineffective assistance of counsel claim is without merit.

## 2. AMENDMENT 794

The defendant's next argument is that he should receive a 2-point reduction in his offense level pursuant to U.S.S.G. § 3B2.1, based on his allegedly minor participation in the offense. Filing 136 at 11-13. His argument is premised on U.S.S.G. Amend. 794: that amendment, which was effective on November 1, 2015, made no change to the text of § 3B1.2. Instead, it made changes and additions to the commentary to § 3B1.2, to provide additional guidance to courts in determining whether a mitigating role adjustment applies. And Amendment 794 was not made retroactive to defendants who had already been sentenced. *See*, 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); *see also United States v. Hernandez*, 18 F.3d 601, 602 (8th Cir. 1994).

Accordingly, Amendment 794 does not apply to the defendant. The defendant cites *United States v. Quintero-Leyva*, 823 F.3d 519, 522-23 (9th Cir. 2016), in which the Ninth Circuit recently held that Amendment 794 applies retroactively to cases on direct appeal. Filing 304 at 5. But this case is

no longer on direct appeal. Furthermore, while the Ninth Circuit applies a "clarifying" amendment to the Sentencing Guidelines retroactively to cases on direct appeal, the Eighth Circuit has rejected that view, holding that only amendments enumerated in § 1B1.10 are to be applied retroactively, even if appellate review has not concluded. *United States v. Dowty*, 996 F.2d 937, 938 (8th Cir. 1993) (citing *United States v. Caceda,* 990 F.2d 707, 710 (2d Cir. 1993)); *see United States v. Williams*, 905 F.2d 217, 218 (8th Cir. 1990).

Finally, even if the defendant had some plausible argument for sentencing error, that argument would not be cognizable under § 2255. The Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). And, the Court of Appeals said, ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim, and may not be relitigated under § 2255. *Sun Bear,* 644 F.3d at 704. In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in

excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that a sentence that is within the statutory range cannot be challenged, pursuant to § 2255, on the basis of alleged Guidelines error. *See Sun Bear*, 644 F.3d at 706.

Accordingly, *even if* the defendant had a plausible claim that Amendment 794 changed the law applicable to him in a way that supported a minor role adjustment, that claim would not establish a right to relief pursuant to § 2255.[3]

### 3. FED. R. CRIM. P. 32

Finally, the defendant contends that the Court "denied [him] due process" and violated Rule 32 by relying on allegedly unreliable information in the PSR. Filing 136 at 13. In support, he rehashes his complaints about the PSR's drug quantity calculation. Filing 136 at 13-14. For the reasons explained above, the Court finds no merit to those arguments. Furthermore, an alleged sentencing error is only cognizable under § 2255 if it is framed as ineffective assistance of counsel. *See Auman*, 67 F.3d at 160-62. So, while the Court considered the merits of the defendant's drug quantity arguments in the context of ineffective assistance of counsel, they do not support relief under § 2255 when posed directly. *See id.* And finally, claims not raised on direct appeal are procedurally defaulted and may not be raised under § 2255 unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss*, 252 F.3d 993, 1000

---

[3] The Court also notes that had the defendant pursued his claim under 18 U.S.C. § 3582(c), instead of § 2255, it would not have availed him, for the reasons stated above.

(8th Cir. 2001). So, absent ineffective assistance of counsel to provide cause for the default, his claim is procedurally barred.

## III. CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be dismissed.

A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the Court finds one issue on which reasonable jurists might find the Court's conclusion debatable: the defendant's claim that his plea of guilty to conspiracy to launder money resulted from ineffective assistance of counsel. The Court will issue a certificate of appealability with respect to that claim. On the defendant's remaining claims, he has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability as to the remaining claims.

IT IS ORDERED:

1.  The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 133) is denied.

2.  The Court will issue a certificate of appealability in this matter as to whether the defendant's plea of guilty to conspiracy to launder money resulted from ineffective assistance of counsel.

3.  A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 11th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge